■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of DAWN KNAPP, Appellant, v STEPHEN ANSPACH, Respondent. [622 NYS2d 790] —In a paternity proceeding pursuant to Family Court Act article 5, the appeal is from an order of the Family Court, Dutchess County (Bernhard, J.), dated May 27, 1993, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and a new trial is granted.

The petitioner mother contends that the respondent is the father of the child Matthew A., who was born out of wedlock. Following a hearing, the Family Court dismissed the petition, concluding that the petitioner had failed to meet its burden of establishing paternity by clear and convincing proof.

The mother of the child initially told authorities that Michael S. was the father of the child. Michael S., however, was said to have been excluded by virtue of blood tests that the court refused to allow into evidence. The mother then stated, at the paternity proceeding, that the respondent was the father, and Dutchess County Department of Social Services endeavored to introduce into evidence Human Leukocyte Antigen tests demonstrating a 99.89 percent probability that the respondent is the father of the child. Moreover, the mother testified that the respondent admitted that he was the father. The respondent did not testify at this proceeding and this admission is therefore unrebutted. In addition to having refused to admit Michael S.'s blood test results into evidence, the court did not allow the test result report of the petitioner into evidence owing to a failure to lay a proper foundation for its admissibility.

In paternity proceedings, if the petition is properly subject to dismissal due to a properly curable error in the foundation of any key item or items of evidence, the correct remedy is to remit for a new hearing rather than dismiss the petition outright (see, Matter of Jane PP. v Paul QQ., 65 NY2d 994, 996).

Under the circumstances, we remit the matter for a new hearing at which the court should admit scientific proof as to the exclusion of Michael S., as well as such proof as, upon a proper foundation, may be admitted as to the respondent's paternity. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.